NOT FOR PUBLICATION

FILED

MAR 7 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| STEPHEN GLENN RAMSEY,<br><br>Petitioner-Appellant,<br><br>v.<br><br>JERI TAYLOR, Superintendent, Two Rivers Correctional Institution,<br><br>Respondent-Appellee. | No. 18-35156<br><br>D.C. No. 2:16-cv-00686-SI<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Oregon
Michael H. Simon, District Judge, Presiding

Submitted March 5, 2019[**]
Portland, Oregon

Before: GRABER and BERZON, Circuit Judges, and TUNHEIM, Chief District Judge.[***]

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable John R. Tunheim, Chief United States District Judge for the District of Minnesota, sitting by designation.

Petitioner Stephen Ramsey appeals the district court's denial of his 28 U.S.C. § 2254 petition for writ of habeas corpus. Reviewing de novo, we affirm. *See Murray v. Schriro*, 745 F.3d 984, 996 (9th Cir. 2014) (reviewing de novo a district court's denial of a petition for writ of habeas corpus).

At an Oregon state post-conviction relief ("PCR") proceeding, Ramsey argued that his trial counsel's failure to introduce a prior inconsistent statement of victim KS was an error that prejudiced his trial. The PCR court agreed that trial counsel's failure was an error, but held that the error prejudiced Ramsey only as to Count V, which was the count directly related to KS. Accordingly, the PCR court vacated Ramsey's conviction on that count only. Ramsey now contends that his trial counsel's error also prejudiced him as to Counts I–IV, and that the PCR court's finding to the contrary was an unreasonable application of the prejudice prong of *Strickland v. Washington*, 466 U.S. 668 (1984).

We may grant a state prisoner's petition for habeas corpus only if the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court." 28 U.S.C. § 2254(d). Thus, we must decide whether the PCR court's decision was "objectively unreasonable." *Williams v. Taylor*, 529 U.S. 362, 409 (2000).

To show prejudice, Ramsey must establish that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. There is not a reasonable probability that introducing KS's statement would have changed the outcome on Counts I–IV. The evidence on those counts consisted mainly of testimony from victims KW and ES, which focused on their own individual periods of abuse. There is no evidence that the three victims corroborated their stories or engaged in a conspiracy against Ramsey. Nor is there evidence that KW's or ES's allegations or testimony were influenced by KS and her allegation or testimony in any way. To the contrary, KS's allegation against Ramsey came after the allegations by KW and ES. Given these facts, Ramsey cannot show that there is a reasonable probability that the jury's verdict on Counts I–IV would have been different had KS's inconsistent statement been admitted. Accordingly, the PCR court's determination was not an "objectively unreasonable" application of *Strickland.*

**AFFIRMED.**